IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JASON ENGLISH #1567668 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv90 |
| KEVIN CLANTON, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Jason English, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Wood County Jail. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint and amended complaint, English said that he wanted to go to the county law library, but that he was not allowed to do so. He explained that he wanted to research the law concerning his criminal case, but that he was unable to read the Texas Code of Criminal Procedure to know whether his case was proceeding in accordance with the law, and he could not research cases similar to his own. As a result, English said, he was not able to assist his attorney in his own defense, nor could he file motions on his own behalf. English states that he was "forced to accept a plea bargain with no prior knowledge of consequences or conditions." At the time that he sought access to the law library, English says that he was represented by an attorney named Douglas Parks.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge noted that under Fifth Circuit precedent, inmates who are represented by counsel have no right to go to the law library to work on their own criminal cases. Cruz v. Hauck,

1

515 F.2d 322, 331 (5th Cir. 1975). The Magistrate Judge further said that in any event, English failed to show that he had suffered any harm as a result of the alleged denial of access to legal materials.

A copy of the Magistrate Judge's Report was sent to English at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall provide a copy of this opinion to the Administrator of the Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 21st day of September, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**